# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| PAUL DOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-03185-CV-S-DPR |
| | ) | |
| ATRIUM HOSPITALITY LP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Strike. (Doc. 16.) Although suggestions in opposition to the motion were due by September 27, 2018, to date none have been filed. Upon review, the motion will be **GRANTED**.

Defendant moves for an order striking Plaintiff's demands for punitive damages and emotional distress damages. Plaintiff's First Amended Complaint brings counts for age discrimination and retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"). In both counts, Plaintiff claims he has been monetarily damaged and has also "suffered physical and mental pain, anguish and distress." His prayer for relief includes punitive damages and "any other available remedies or damages for injuries suffered by Plaintiff," which presumably could encompass the aforementioned "physical and mental pain, anguish and distress."

Although the ADEA does allow the recovery of liquidated damages where the employer's violation is willful, it does not provide for the recovery of punitive damages. *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723, 729 (8th Cir. 1992). Furthermore, the ADEA does not permit the award of emotional distress damages. *Maschka v. Genuine Parts Co.*, 122 F.3d 566, 573 (8th Cir. 1993)

(citation omitted). Accordingly, neither punitive damages, nor emotional distress damages are available in this ADEA suit.

Based on the foregoing, and also because it is unopposed, the Motion to Strike is **GRANTED**. Plaintiff's demands for emotional distress damages and punitive damages under the ADEA are hereby stricken.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 1, 2018